FILED
2021 Nov-15 PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL J KULOVITZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 1:21-cv-307-ACA** |
| | ) |
| **ASPEN SPECIALTY** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**

Before the court is Defendant Aspen Specialty Insurance Company's ("Aspen") amended motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] (Doc. 20). Alternatively, Aspen moves for dismissal of Plaintiff Michael J. Kulovitz's claims pursuant to Rule 12(b)(6).

This case involves a dental liability insurance policy Dr. Kulovitz purchased from Aspen. (Doc. 10 at 1). In September 2019, a former patient sued Dr. Kulovitz for claims relating to financial fraud. (*See id*. at 9–11). When Aspen refused to defend or indemnify Dr. Kulovitz against his former patient's claims, Dr. Kulovitz

---

[1] Aspen originally filed its motion for judgment on the pleadings on July 8, 2021. (Doc. 12). On August 3, 2021, Aspen filed an unopposed motion to amend its motion for judgment on the pleadings to include factual allegations in numbered paragraphs as opposed to narrative form. (Doc. 18 at 1–2 ¶¶ 2, 3). Aspen filed its amended motion on August 4, 2021. (Doc. 20). Both parties have agreed that their previous briefing (docs. 14, 17), applies to the amended motion as well.

filed this lawsuit. In it, he asserts against Aspen claims for breach of contract ("Count One") and bad faith ("Count Two"). (*Id.*).

The court **WILL GRANT** Aspen's motion for judgment on the pleadings and **WILL DISMISS** Counts One and Two **WITH PREJUDICE.**

## I. BACKGROUND

In reviewing a Rule 12(c) motion for judgment on the pleadings, the court "must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). The court can also consider documents attached to the pleadings without converting a motion to summary judgment if the attached document is central to the plaintiff's complaint and the authenticity of the document is undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Dr. Kulovitz is a dentist carrying a liability insurance agreement with Aspen. (Doc. 10 at 1). Dr. Kulovitz's complaint refers to the insurance policy, but he does not attach it to his complaint. (*See id.*). Aspen attaches Dr. Kulovitz's insurance policy to its answer. (Doc. 11-1). Dr. Kulovitz does not dispute the centrality of the policy or its contents. The court therefore includes the policy in its description of the facts.

The policy sets out the scope of Aspen's coverage and explicitly states that Aspen will not defend or indemnify claims outside of that scope. (Doc. 11-1 at 4).

Under the policy, Aspen must provide coverage for amounts which Dr. Kulovitz "become[s] legally obligated to pay as a result of injury or damage . . . [that is] caused by a dental incident arising out of the supply of or failure to supply professional services." (*Id*.). Both "dental incident" and "professional services" are defined terms. *See* discussion *infra* at Section II.A. The policy also requires that Aspen defend and investigate such claims. (*Id*.).

On September 16, 2019, a former patient named Teresa Barclay Hunter sued Dr. Kulovitz in state court.[2] (Doc. 10 at 6). Ms. Hunter alleged that Dr. Kulovitz performed extensive dental work on her in May 2016. (Doc. 10 at 9 ¶ 3). As a result, she owed Dr. Kulovitz $1,699. (*Id*.). Dr. Kulovitz agreed to accept payments towards this balance but requested that Ms. Hunter write a check as security. (*Id*. at 9 ¶ 4). Ms. Hunter alleges that she continued making payments to Dr. Kulovitz and that, by August 2017, her balance was less than $600. (*Id*. at 9 ¶ 5).

According to Ms. Hunter, in October 2018 Dr. Kulovitz attempted to deposit her check from 2016 despite knowing she owed much less than $1,699. (Doc. 10 at 9 ¶ 7). When the bank would not accept the outdated check, Dr. Kulovitz allegedly altered the date on the check to make it appear more recent. (*Id*.). The bank then accepted the check but returned it for insufficient funds, at which point Dr. Kulovitz

---

[2] Ms. Hunter filed an amended complaint in state court on June 18, 2020, which Dr. Kulovitz also incorporates into his complaint. (Doc. 10 at 9–11). Ms. Hunter's amended complaint asserts the same factual allegations against Dr. Kulovitz but pleads her fraud claim with more specificity. (*See id*. at 10).

filed charges against Ms. Hunter for negotiating a worthless instrument.  (*See id.* at 9 ¶ 8).  Ms. Hunter was arrested for these charges on May 4, 2019, but the charges were dropped on July 3, 2019.  (*Id.* at 10 ¶¶ 9, 11).  Alleging the above facts, Ms. Hunter sued Dr. Kulovitz in September 2019 on four counts: (1) malicious prosecution and abuse of process, (2) negligence and wantonness, (3) fraud, and (4) deceptive trade practices.  (*Id.* at 10–11 ¶¶ 12–19).

In October 2019, Dr. Kulovitz notified Aspen of Ms. Hunter's lawsuit and requested that Aspen defend and indemnify him pursuant to their insurance policy.  (Doc. 10 at 2 ¶ 2).  Aspen refused to do so.  (*Id.* at 2 ¶ 3).  After unsuccessfully trying to convince Aspen otherwise (*id.*), Dr. Kulovitz filed the present suit.

## II.   DISCUSSION

Aspen moves for a judgment on the pleadings or alternatively, for dismissal of Dr. Kulovitz's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  "[U]nder 12(b)(6) or Rule 12(c), the question [is] the same: whether the count state[s] a claim for relief."  *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  A plaintiff plausibly states a claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A. Count One: Breach of Contract

In Count One, Dr. Kulovitz alleges that Aspen breached their insurance contract by refusing to defend and indemnify him against Ms. Hunter's claims. (Doc. 10 at 1–2). In Alabama, the elements of a breach of contract claim are: (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance under the contract; and (4) resulting damages. *Shaffer v. Regions Fin. Corp.*, 29 So.3d 872, 880 (Ala. 2009). Aspen argues that it did not fail to perform under the contract because the policy provides coverage only for lawsuits alleging "injury or damage . . . [that is] caused by a dental incident" (doc. 11-1 at 4), which Ms. Hunter's lawsuit does not allege (doc. 20 at 13).

In Alabama, a duty to defend is determined "primarily by the allegations contained in the [underlying] complaint." *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). A court should therefore "consider the insurance policy's language regarding coverage and the allegations of the Underlying Lawsuit." *St. Paul Fire and Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 895 (11th Cir. 2009). "If the allegations in the underlying complaint show an occurrence within the coverage of the policy, then the insured is obligated to defend." *Id*.

Dr. Kulovitz's policy obligates Aspen to defend and indemnify Dr. Kulovitz up to the limit of liability against all claims against Dr. Kulovitz "caused by a dental

incident arising out of the supply of or failure to supply professional services." (Doc. 11-1 at 4). A "'dental incident' means any actual or alleged act, error or omission, or a series of actual or alleged acts, errors or omissions, in the supplying of or failure to supply professional services." (*Id*. at 8). And a "professional service" is defined by the policy as "those services for which [the insured is] licensed, trained and qualified to perform in [his] profession as a dentist." (*Id*. at 9). Thus, if Ms. Hunter's injury was caused by an act, error or omission committed by Dr. Kulovitz in supplying dental services arising from services in which Dr. Kulovitz is licensed, trained and qualified to perform as a dentist, then Aspen must defend Dr. Kulovitz in Ms. Hunter's lawsuit and indemnify him against all damages up to Dr. Kulovitz's policy limits.

To determine if Dr. Kulovitz's policy covers Ms. Hunter's claim, the court looks to the allegations in Ms. Hunter's complaint. It is undisputed that Ms. Hunter's claims arise from Dr. Kulovitz allegedly modifying Ms. Hunter's check and then instituting false criminal proceedings against her. (*See* doc. 14 at 10; doc. 17 at 6). Aspen argues that the plain language of the policy unambiguously disclaims coverage; Dr. Kulovitz argues that the plain language of the policy unambiguously triggers coverage.

Aspen contends that "the clear and unambiguous language of the policy does not contemplate coverage for [Ms. Hunter's] underlying claims" because those

6

claims relate to financial fraud, not to dental services. (Doc. 20 at 17). The allegations in Ms. Hunter's lawsuit support Aspen's argument. According to the lawsuit, Dr. Kulovitz performed dental work on Ms. Hunter in May 2016. (Doc. 10 at 9 ¶ 3). The complaint is devoid of any alleged injury caused by an act, error or omission committed by Dr. Kulovitz in supplying those services. In fact, the complaint states that the injury occurred three years after Dr. Kulovitz provided the dental services and is limited to Dr. Kulovitz's alleged financial fraud and malicious prosecution. (*See id.* at 9 ¶¶ 7, 8).

Dr. Kulovitz concedes that Ms. Hunter bases her claim on Dr. Kulovitz's fraudulent misrepresentation and malicious prosecution. (Doc. 14 at 10–11). But he argues that that the policy requires only that the act complained of "*aris[e] out of* professional services." (*Id.* at 14) (emphasis in original) (internal quotations omitted). As Dr. Kulovitz concedes (*id.* at 17–18), this interpretation disregards the policy's requirement that the alleged injury be caused by a "dental incident" (doc. 11-1 at 4). Because this interpretation directly conflicts with well-established precedent requiring a court "to interpret the terms of a contract to give 'effect to all terms used'" the court declines to adopt it. *See State ex rel. Riley v. Lorillard Tobacco Co.*, 1 So. 3d 1, 7 (Ala. 2008)

Accordingly, the court **WILL GRANT** Aspen's motion with respect to Count One and **WILL DISMISS** this claim **WITH PREJUDICE.**

B. Count Two: Bad Faith

In Count Two, Dr. Kulovitz alleges that Aspen's refusal to defend and indemnify him against Ms. Hunter's claims was made in bad faith. (Doc. 10 at 2–3). Alabama law recognizes the tort of bad faith in both a "normal" and "abnormal" context. *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013). Dr. Kulovitz alleges that Aspen acted in both normal and abnormal bad faith. (Doc. 10 at 2–3). For both types of bad faith claims, the defendant's breach of contract is an essential element. *See Brechbill*, 144 So. 3d at 247 (listing the elements of a bad faith claim).

As explained above, Dr. Kulovitz fails to allege a claim for breach of contract. Accordingly, his claim for bad faith also fails. Therefore, the court **WILL GRANT** Aspen's motion with respect to Count Two and **WILL DISMISS** this claim **WITH PREJUDICE.**

### III. CONCLUSION

For the reasons given above, the court **WILL GRANT** Aspen's motion for judgment on the pleadings. (Doc. 20). Accordingly, the court **WILL DISMISS**

Counts One and Two **WITH PREJUDICE.**

    **DONE** and **ORDERED** this November 15, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE